# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-1840V

|  |  |
|---|---|
| ILENE BUSEY,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: November 13, 2023 |

*Trisha S. Widowfield, Haliczer, Pettis, & Schwamm FL, Fort Lauderdale, FL, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 10, 2021, Ilene Busey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration after receiving an influenza vaccine on September 10, 2019. Petition, ECF No. 1. On June 2, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $65,849.16 (representing $64,685.50 in fees plus $1,163.66 in costs). Petitioner's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Application for Fees and Costs ("Motion") filed Aug 29, 2023, ECF No. 39. In accordance with General Order No. 9, Petitioner filed a signed statement representing that she incurred no out-of-pocket expenses. *Id*. at 3.

Respondent reacted to the motion on Aug. 31, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 40. Petitioner filed a reply on Sept. 13, 2023, reiterating her request for fees and costs. ECF No. 41.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests the rate of $475 per hour for attorney Trisha Widowfield for all time billed in the 2019-23 timeframe. This hourly rate requires adjustment.

Ms. Widowfield has been a licensed attorney since 2007 (ECF No. 39 at 13), placing her in the rage of attorneys with 11-19 years' experience based on the OSM Attorneys' Forum Hourly Rate Fee Schedules.[3] But the requested rate exceeds the Vaccine Program's published ranges for comparably-experienced attorneys. Additionally, Ms. Widowfield does not have significant demonstrated Vaccine Act experience (something that is considered when evaluating where on the range a particular attorney should fall).

It is therefore improper for Ms. Widowfield to receive rates established for comparably-experienced counsel who also have lengthy experience in the Program. See *McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). **Rather, I find it reasonable to compensate Attorney Widowfield at the lesser rate of $335 per hour for all time billed in the 2019-23 timeframe.** This reduces the amount of fees to be awarded herein by **$18,914.00**.[4]

*B. Paralegal Tasks Billed at Attorney Rates*

Besides the hourly rate reduction, there are several instances evident from the submitted invoices in which tasks that are considered paralegal in nature were billed at the attorney's hourly rate. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human. Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human. Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818,

---

[3] The Attorneys' Fee Schedule are available at http://www.cofc.uscourts.gov/node/2914.

[4] This amount consists of: ($475 - $335 = $140 x 135.10 hrs = $18,914.00).

at \*20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at \*5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

From review of the billing records, it appears approximately 10.90 hours were billed to tasks considered paralegal in nature.[5] Counsel is admonished that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at \*21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXXV, 2010 WL 529425, at \*9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **Accordingly, I reduce Attorney Widowfield's hourly rate for all tasks considered paralegal in nature to a rate of $150 per hour.** This further reduces the fees to be awarded herein by **$2,016.50**.[6]

## ATTORNEY COSTS

Petitioner requests $1,163.66 in overall costs. ECF No. 39 at 18-30. Such costs are associated with obtaining medical records, postage fees and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$44,918.66 (representing $43,755.00 in attorney's fees and $1,163.66 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Trisha S. Widowfield.**

---

[5] Examples of such billing entries are as follows: 11.00 hrs billed on: 11/13/19: "Preparation of letter to Dr. Fletcher to request medical records," 11/13/19: "Preparation of letter to Dr. Bartolone to request medical records," 11/22/19: "letter to Dr. Favilli with prepayment," 11/28/19: "letter to Akumin to request medical records," 2/6/20; 2/14/20; 7/21/20 (four entries): "letter to CVS, Dr. Favilli, Dr. Batolone, Dr. Fletcher re medical records," 7/30/20; 11/10/20; 11/12/20; 11/18/20 (three entries); 11/19/20 (two entries); 12/1/20; 12/2/20; 12/14/20; 1/11/21; 4/15/21; 5/11/21; 9/10/21; 10/18/21; 10/21/21; 11/15/21; 11/18/21 (three entries); 11/23/21 (two entries); 7/5/22; 10/5/22 (two entries); 1/6/23; 4/21/23 by Attorney T. Widowfield at the hourly rate of $475. *See* ECF No. 39 at 4-11

[6] This amount is calculated using Attorney Widowfield's reduced hourly rate as follows: ($335 - $150 = $185 x 10.90 hrs = $2,016.55).

4

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.